IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **DAVID STOKES,** ) | |
|     Plaintiff, ) | Case No._____ |
| v. ) | District Judge_____ |
| ) | Magistrate Judge _____ |
| **WONDER PORCELAIN GROUP, LLC,** ) | |
| **d/b/a AMERICAN WONDER** ) | Jury Demand |
| **PORCELAIN** ) | |
|     Defendant. ) | |

## COMPLAINT

The Plaintiff, David Stokes ("Plaintiff"), by and through counsel, states the following causes of action against the Defendant, Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain ("Wonder Porcelain"):

1. The Plaintiff, David Stokes, is a Tennessee citizen who resides in Wilson County, Tennessee.

2. According to the records of the Tennessee Secretary of State, Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain, is a Delaware corporation, and can be served with process upon its registered agent, Capitol Corporate Services, Inc., Suite B, 992 Davidson Drive, Nashville, Tennessee 37205-1051. Wonder Porcelain manufactures glazed tile products at a plant located in Lebanon, Tennessee.

3. Upon information and belief, and as stated on the "About Us" page of the Wonder Porcelain website (www.wonderporcelain.com), Wonder Porcelain, LLC d/b/a American Wonder Porcelain is a wholly owned subsidiary of Guangdong Marco Polo Ceramics Co., Ltd.

4. According to the records of the United States Patent and Trademark Office regarding registration of the trademark for "American Wonder Porcelain," the owner of the trademark "American Wonder Porcelain" is Guangdong Marco Polo Ceramics Co., Ltd., No. 109 Yuanling Road, Guancheng District Dongguan, Dongguang City, Guangdong Province, China 523000. Upon information and belief, the Defendant, Wonder Porcelain Group, LLC d/b/a American Wonder Porcelain is a wholly owned subsidiary of Guangdong Marco Polo Ceramics Co., Ltd., a Chinese manufacturing company located in Dongguang, Guangdong Province, China. Plaintiff reserves the right to add this company to the complaint later.

5. Upon information and belief, at all times relevant to the allegations in this lawsuit, corporate offices located at the headquarters of Guangdong Marco Polo Ceramics Co., Ltd., in Dongguang, Guangdong Province China, exercised ultimate authority over Wonder Porcelain's activities in Lebanon, Tennessee, made significant corporate decisions pertaining to Wonder Porcelain, and directed and controlled Wonder Porcelain's corporate policies, including all policies and decisions regarding the employment at its plant in Lebanon, Tennessee, which is the subject of this lawsuit.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §e-5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

7. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C. § 12101 *et seq* (ADA) to writ: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the violation; and the EEOC

issued Plaintiff a Notice of Right to Sue for the charge. This action was commenced within ninety (90) days of receipt of the Notice of Right to Sue (see attached **Exhibit "A"**) and more than sixty (60) days since Plaintiff alleged age discrimination.

8. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS

9. Upon information and belief Plaintiff was replaced by Aaron Standifer, who is 20+ years younger than Plaintiff, due to "restructuring". Plaintiff avers the "restructuring" was a pretext for terminating Plaintiff and replacing him with a younger worker.

10. Plaintiff's National Origin is the United States. Plaintiff's race is Caucasian.

11. Plaintiff was born November 20, 1968 and was over 40 years old during his employment with Defendant.

12. Plaintiff began working for Defendant Wonder Porcelain during May 2019 as the director of manufacturing operations.

13. Defendant Wonder Porcelain manufactures glazed tile products at a plant located in Lebanon, Tennessee.

14. During initial training, Defendant Wonder Porcelain supervisor, Tammy Miller, informed Plaintiff about the company's non-harassment and non-discrimination policy (see attached **Exhibit "B"** for employee handbook).

15. Within the first week of employment, Plaintiff was advised and personally observed Wonder Porcelain's adherence to a discriminatory practice of providing preferential treatment of employees of Chinese national origin versus those of American national origin.

16. Moreover, it soon became evident to Plaintiff that Defendant, Wonder Porcelain, maintained two separate safety standards for employees – one for American workers and another for Chinese workers. The safety standards maintained for Chinese workers were less strict than those maintained for American workers. Chinese employees were not reprimanded or punished for violating safety standards that American workers were reprimanded and punished for.

17. Defendant provides housing to Chinese visa workers at the plant in Lebanon, Wilson County, Tennessee. Moreover, many of the Chinese visa holders bring spouses with them who likewise receive such housing. Upon information and belief, these spouses are here on spousal visas, not work visas. The company pays all utilities, maintenance, phones, cleaning services, internet access and food for Chinese employees and their spouses living in the dormitories.

18. Defendant, Wonder Porcelain, purchased a lake house located on Windward Drive in Mount Juliet, Tennessee, complete with a dock and boat, to house its Chinese workers. Defendant Wonder Porcelain regularly paid utilities, maintenance, phones, cleaning services for the Chinese workers that are housed at the Windward Drive property.

19. Furthermore, Wonder Porcelain also purchased a residence located on Stonebrook Drive in Lebanon, Tennessee to house its Chinese workers. Defendant, Wonder Porcelain, regularly paid utilities, maintenance, phones, cleaning services for the Chinese workers that reside at the Stonebrook Drive property. To the exclusion of American Workers similarly situated at the Lebanon Plant. This constitutes discrimination.

20. Defendant, Wonder Porcelain, does not offer or provide housing to American workers at the Lebanon plant nor does it provide any housing for American workers off-site. Which is discriminatory.

21. Defendant, Wonder Porcelain, additionally provides transportation to the Chinese workers living in company-owned housing, including transportation to/from their shifts at the plant and shopping outings. To the exclusion of American Workers, which is discriminatory.

22. Defendant, Wonder Porcelain, also organized and funded trips for Chinese workers to Gatlinburg, Tennessee, that were not offered to similarly situated American workers including Plaintiff. (see "Exhibit C"). To the exclusion of American Workers, which is discriminatory.

23. Defendant Wonder Porcelain provided meals to all Chinese workers in the mess hall area, yet prohibited any American workers, including Plaintiff, from receiving the same benefit, which is discriminatory.

24. Defendant Wonder Porcelain provided cell phones to all Chinese workers yet refused to provide the same benefit to any American workers, including Plaintiff, which is discriminatory.

25. During the time of Plaintiff's employment with Defendant, Wonder Porcelain, company management conducted "town hall meetings" on a monthly basis. These meetings purportedly served a variety of purposes, including to provide safety reminders to employees and discuss recent developments within the business. American workers were expected and required as a condition of their employment to attend "town hall meetings." Chinese workers were not required to attend "town hall meetings" as a condition of their employment. This is discriminatory conduct on the part of the company.

26. Defendant, Wonder Porcelain, made employees participate in drug testing. American workers, including Plaintiff, were routinely drug tested, Chinese workers were largely if not completely excluded from any drug testing. Upon information and belief, no Chinese worker

has been fired or disciplined or terminated due to a failed drug test, while numerous American workers have been fired or disciplined or terminated for failed drug tests, which is discriminatory.

27. Plaintiff reported to senior management the ongoing National Origin Discrimination taking place at the Lebanon Plant about the two employment systems (one for Chinese workers and one for American workers). Furthermore, Plaintiff also reported to the company that the Lebanon Plant was only enforcing its rules and polices with respect to the American workers and that the Chinese workers were being allowed to ignore the rules without consequence or disciplinary action in contravention of the company policy handbook and Tennessee law. Those actions are discriminatory and ongoing at the Lebanon Plant. Shortly before Plaintiff's termination, Defendant began targeting Plaintiff based upon his complaints over the preferential treatment of Chinese workers, concerns over plant safety/worker safety, discriminatory treatment of employees, and production issues. (See *Brandeberry v. American Wonder Porcelain*, 3:20-MC-09999 Middle District of Tennessee). Plaintiff opposed a plan by senior management to "restructure" the Quality Department because the purpose of the "restructuring" was discriminatory. This is ongoing conduct per lawsuit *Brandeberry v. American Wonder Porcelain*, 3:20-MC-09999 Middle District of Tennessee. Management took no corrective nor disciplinary action or measures although being placed on notice in the previous lawsuit.

28. In mid-February 2020, Aaron Standifer, an Assistant Manager at Defendant Wonder Porcelain and Jim Neal participated in a meeting with Riley Tang, Defendant Wonder Porcelain's Vice President of Manufacturing, to discuss the restructuring of the Quality Department.

29. Immediately after this meeting, Aaron Standifer and Jim Neal notified Plaintiff, about what was discussed in this meeting and the reason for the restructuring of the Quality Department.

30. Aaron Standifer and Jim Neal advised Plaintiff that restructuring the Quality Department was being done to get rid of a female employee - that Mr. Tang and Mr. Denny decided to force the female employee into the only position available to her, which would be so undesirable they believed she would not take it thereby forcing her to quit. Jim Neal advised Plaintiff that he and Aaron Standifer attempted to talk Mr. Tang and Mr. Denny out of this decision but they were adamant. Plaintiff then warned both Aaron Standifer and Jim Neal that any attempts to force the female employee to quit could come back to bite the company, especially with the female employee having an EEOC charge currently open. Plaintiff then went directly to Defendant Wonder Porcelain's Human Resources Supervisor, Tammy Denney-McDonald, and spoke with Ms. McDonald about the reorganization plan for the Quality Department. Plaintiff told Ms. McDonald that this was a lot of nonsense just to get rid of the female employee.

31. Defendant was ultimately sued by the female employee, Haley Brandeberry, for discrimination.

32. Upon information and belief Defendant planned the "restructuring" of Plaintiff's position shortly after planning the "restructuring" of the quality department; and Plaintiff's termination was in retaliation for objecting to the discriminatory purpose of "restructuring" the quality department.

33. Prior to Plaintiff's termination due to "restructuring" he was ordered to report to his eventual replacement Assistant Plant Manager, Aaron Standifer.

34. Upon information and belief Plaintiff was replaced by Aaron Standifer, who is 20+ years younger than Plaintiff, due to "restructuring". Plaintiff avers the "restructuring" was a pretext for terminating Plaintiff and replacing him with a younger worker.

35. Senior management along with Mr. Standifer have a history of openly discriminating against job applicants based upon their age, race, and/or national origin.

36. Mr. Standifer stated in a meeting with senior management that a job applicant should not be hired because "that motherfucker is 68 years old I don't need him" and "he'll have a heart attack out there". Plaintiff avers Mr. Standifer's statement and subsequent statements by other senior managers in the room indicate direct discrimination based upon age was openly supported by Defendant.

37. Plaintiff avers that in addition to the "restructuring" Defendant has claimed the reason Plaintiff was terminated was for "disappointing performance" and because "he frequently fell asleep in Company meetings, and he could often be found asleep at his desk. He would enthusiastically agree to take on certain projects or complete certain tasks, and then fail to complete them. He seemed to lack motivation. And although his job as Director of Manufacturing Operations was a senior management position, he seemed to be waiting for someone else to tell him what to do rather than taking any initiative to carry out the duties of his position. In the Company's view, monitoring production. Charging Party also had poor attendance; he would often miss work without prior notice and leave the Company guessing as to when he might return. Charging Party's offer letter specifically stated that "[t]his position requires you to be on plant site constantly for fast reaction to needs from the factory." Company management was frustrated with Charging Party's lack of motivation, initiative, and drive and his repeated, unexplained attendance issues. The then-President of the Company, Michael

Page **8** of **16**

Case 3:22-cv-00374   Document 1   Filed 05/21/22   Page 8 of 16 PageID #: 8

Kephart, counseled Charging Party on his lack of presence in the plant and directed Charging Party to report to the Assistant Plant Manager, Aaron Standifer, to provide him with increased oversight and accountability".

38. Plaintiff was never admonished, per company policy, for any of the alleged reasons his employment was terminated.

39. Furthermore, Defendant has alleged that Plaintiff was ineffective at his position and redistributed his duties of new hire training and **pre-hire screening**.

40. Plaintiff avers his Key Performance Indicators "KPI's" indicated he was meeting the targets/objectives of his employment and was a highly effective employee.

41. Plaintiff avers he was supposed to receive a $13,800 annual performance bonus according to the offer for employment he accepted from Defendant. Plaintiff avers Defendant breached the employment contract by refusing to pay the annual performance bonus.

42. After his termination Plaintiff sought unemployment benefits from the U.S. Department of Labor stating the reason for his unemployment was because he had been "Fired/Discharged".

43. On March 31, 2020 Defendant submitted information to the U.S. Department of Labor indicating Plaintiff had been "Fired/Discharged".

44. Defendant Wonder Porcelain falsely characterized the employment changes announced on February 21, 2020 as a "restructuring", when in fact same were effectuated with the specific intent to replace Plaintiff with a younger worker, Aaron Standifer.

45. On or about November 11, 2020, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant Wonder Porcelain alleging discrimination based upon both race and national origin.

Page **9** of **16**

Case 3:22-cv-00374   Document 1   Filed 05/21/22   Page 9 of 16 PageID #: 9

46. On or about February 25, 2022, Plaintiff received a right to sue letter from the EEOC.

47. More than 60 days have passed since Plaintiff filed a claim of age discrimination with the EEOC.

## STATEMENT OF CLAIMS

**First Claim Title VII – <u>Hostile Work Environment</u>**

**Disparate Terms and Conditions of Employment Based on National Origin and/or Race**

48. Plaintiff incorporates the allegations of paragraph 9 through 51 above as though fully set forth herein.

49. Since at least early 2018, Defendant Wonder Porcelain has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These practices, which continued on a regular basis, included subjecting Plaintiff to an offensive, abusive and hostile work environment on the basis of his national origin as an American and/or as a Caucasian American .

50. Defendant Wonder Porcelain's practice of discrimination against Plaintiff was to deprive him of equal employment opportunities and otherwise adversely affect his status as an employee

because of his national origin. The unlawful conduct resulted in physical and emotional pain and suffering and embarrassment to Plaintiff.

51. Throughout his tenure, Plaintiff raised concerns about and objections to the discriminatory practices of multiple supervisors and managers at the Company. Nevertheless, the practice persisted causing a discriminatory hostile work environment for Plaintiff.

52. The effect of the practices described in paragraphs 9 though 51 above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of her national origin, the United State of America.

53. The unlawful employment practices described in paragraphs 9 through 51 above were intentional.

54. The unlawful employment practices complained of in paragraphs 9 through 51 above were done with malice or with reckless indifference to the federally protected rights of

Plaintiff.

### Second Claim – Violation of the Tennessee Human Rights Act

55. Plaintiff hereby incorporates the allegations of paragraphs 9 to 51 above as though fully set forth herein.

56. Based upon the conduct described in this Complaint, Defendant Wonder Porcelain is liable for violations of the Tennessee Human Rights Act on the basis of national origin discrimination.

57. Plaintiff falls within a protected class based upon his age, over 40 years old, and national origin, a United States citizen.

58. Defendant's treatment of Plaintiff was motivated by his membership in these categories and less favorable than individuals who were not members of these protected classes.

59. Defendant's discriminatory treatment of Plaintiff was intentional and demonstrates reckless indifference to his legally protected rights.

60. Defendant's conduct has harmed and caused damage to Plaintiff.

**Third Claim – <u>Retaliation under Title VI and the Tennessee Human Rights Act</u>**

61. Plaintiff hereby incorporates the allegations of paragraph 9 through 51 above as though fully set forth herein.

62. Based on the conduct described in the preceding paragraphs, Defendant is liable under Title VI and the Tennessee Human Rights Act for retaliation. Plaintiff engaged in activity protected by Title VI and the Tennessee Human Rights Act when he reported the abusive and hostile work environment present at AWP based upon discrimination of national origin, age, gender, and race to supervisors at Defendant, Wonder Porcelain.

63. This exercise of protected activity was known to Defendant because Plaintiff informed his employer regarding concerns about the preferential treatment of Chinese employees over American employees by the company, through conversations with Aaron Standifer, Michael Kephart, Jim Neal, and Tammy McDonald. Defendant took adverse employment action against Plaintiff by intentional act of firing/discharging Plaintiff after Plaintiff complained about the discriminatory actions and statements of senior management. Plaintiff was subjected to severe or pervasive retaliatory action by Defendant.

64. Defendant's retaliation was intentional, malicious, and was recklessly indifferent to Plaintiff's right to work in an environment free from discrimination and retaliation.

65. Defendant, Wonder Porcelain's, conduct caused Plaintiff to suffer damages.

**Fourth Claim – <u>Violation of the Tennessee Public Protection Act</u>**

66. Plaintiff hereby incorporates the allegations of paragraphs 9 through 51 above as though fully set forth herein.

67. Tennessee Public Protection Act violations are pursued against Defendant as Plaintiff's employer.

68. Plaintiff was a covered employee and Defendant is a covered employer under the Tennessee Public Protection Act, T.C.A. § 50-1-304 *et seq*.

69. Plaintiff alleges the public policy for which he refused to remain silent is based on OSHA's "General Duty" clause and any and all OSHA and TOSHA regulations and policies concerning workplace safety[1].

70. Plaintiff further alleges that "illegal activities" includes those "in violation of the criminal or civil code of this state of the United States of any regulation intended to protect the public health, safety or welfare."[1]

---

[1] [1] Under the <u>General Duty Clause</u>, section 5(a)(1) of the Occupational Safety and Health Act (OSHA) of 1970, employers are required to provide their employees with a place of employment that "is free from recognizable hazards that are causing or likely to cause death or serious harm to employees." The courts have interpreted OSHA's general duty clause to mean that an employer has a legal obligation to provide a workplace free of conditions or activities that either the employer or industry recognizes as hazardous and that cause, or are likely to cause, death or serious physical harm to employees when there is a feasible method to abate the hazard.

State plans like TOSHA are required to have standards and enforcement programs that are at least as effective as OSHA's and may have different or more stringent requirements.

[2] *See* <u>T.C.A. § 50-1-304(a)(3)</u>.

71. Plaintiff alleges that in addition to protecting employees from unsafe work conditions as alleged herein, he was also attempting to protect other employees from discrimination by senior management.

72. Plaintiff refused to remain silent about OSHA violations/deficiencies at the plant and informed senior management of the issues. Defendant rejected Plaintiff's recommendations to address the safety issues in the plant.

73. Defendant terminated Plaintiff's employment because he refused to remain silent and participate in Defendant's workplace safety deficiencies, in violation of the Tennessee Public Protection Act, T.C.A § 50-1-304 *et seq*.

**Fifth Claim- <u>Violation of the Age Discrimination in Employment Act</u>**

74. Plaintiff incorporates by reference all preceding paragraphs as if stated verbatim herein.

75. Plaintiff was born November 20, 1968 and was over 40 years of age at all times relevant to this complaint and is thus a member of a protected class.

76. Plaintiff was qualified for his position as director of manufacturing operations. Plaintiff had served in a same or similar position for Nissan prior to his employment with Defendant. Plaintiff currently serves in a same or similar position for his current employer.

77. Plaintiff's Key Performance Indicators ("KPI's") indicate he was performing his job with Defendant at or above the level expected.

78. Plaintiff suffered an adverse employment action when he was fired/discharged by Defendant.

79. Plaintiff was replaced by a substantially younger worker, Aaron Standifer.

80. More than 60 days have passed since Plaintiff filed a charge with the EEOC.

### Sixth Claim- Breach of Contract

81. Plaintiff incorporates by reference paragraphs 9 thru 51 as if stated verbatim herein.

82. Plaintiff asserts Defendant breached its employment contact with Plaintiff by refusing to pay Plaintiff the annual performance bonus of $13,800 included in Defendant's offer letter which Plaintiff accepted.

83. Plaintiff asserts the offer letter was signed by both parties on May 20, 2019.

### DAMAGES

84. As a direct and proximate result of Defendant Wonder Porcelain's unlawful actions, harassment and hostile work environment, Plaintiff has suffered and continues to suffer emotional pain, suffering, stress, anxiety, loss of enjoyment of life, pain and suffering, humiliation and professional and personal embarrassment, and depression and inconvenience.

85. As a direct and proximate result of Defendant Wonder Porcelain's unlawful actions and retaliation and retaliatory hostile work environment, Plaintiff has suffered and continues to suffer emotional pain, suffering, stress, anxiety, loss of enjoyment of life, pain and suffering, humiliation and professional and personal embarrassment, depression and inconvenience.

86. As a direct and proximate result of Defendant Wonder Porcelain's unlawful actions, discrimination, retaliation and retaliatory and discriminatory hostile work environments, Plaintiff has suffered and continues to suffer damages for lost wages, benefits, including retirement benefits and front pay.

87. As a result, Plaintiff is entitled to recover damages, including lost wages, benefits, including retirement benefits, compensatory, liquidated and punitive damages, attorney's fees, costs, interest, and any other legal and equitable relief to which he may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David Stokes, prays for the following relief:

1. That a trial by jury of six be held on all triable issues;

2. That he be granted a judgment against Defendant, Wonder Porcelain, for $300,000.00 for compensatory and other damages suffered by him, including but not limited to, damages for pain and suffering, humiliation, professional and personal embarrassment, stress, anxiety, depression, loss of enjoyment of life, personal injury, emotional pain and inconvenience, back pay, lost benefits, and loss of pension benefits.

3. That he be ordered reinstated, or granted front pay in lieu thereof, with all accumulated salary rights and benefits as if continuously employed.

9. That he be awarded punitive damages, pre-judgment interest, attorney's fees, and that the costs of this cause be taxed to the Defendant.

10. Any other relief to which he may be entitled.

Respectfully Submitted,

/s/ Karl Pulley_____
Karl Emmanuel Pulley #012761
4320 Enchanted Circle
Nashville, TN 37218

/s/William Shae Forgety  Pending Application
William Shae Forgetty #034235
115 Shivel Dr
Hendersonville, TN 37073